FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIAL S.,<br><br>                     Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>                     Defendant. | NO:  4:20-CV-05128-LRS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment.  ECF Nos. 21, 23.  This matter was submitted for consideration without

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER ~ 1

oral argument.  Plaintiff is represented by Attorney Chad L. Hatfield.  Defendant is represented by Special Assistant United States Attorney Alexis L. Toma.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 21, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 23, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Gabrial S.[2] protectively filed applications for Social Security Disability Insurance (DIB) and Supplemental Security Income (SSI) on December 21, 2016, Tr. 150-51, alleging an onset date of January 1, 2016, Tr. 265, 272, due to his back, stomach issues, and jaw pain, Tr. 318.  Plaintiff's applications were denied initially, Tr. 197-203, and upon reconsideration, Tr. 206-11.  A hearing before Administrative Moira Ausems ("ALJ") was conducted on March 21, 2019.  Tr. 107-49.  Plaintiff was represented by counsel and testified at the hearing.  *Id.*  The ALJ also took the testimony of Plaintiff's fiancé and vocational expert Jeffrey F. Tittelfitz.  *Id.*  The ALJ denied benefits on May 22, 2019.  Tr. 15-28.  The Appeals Council denied review on June 3, 2020.  Tr. 1-6.  Therefore, the ALJ's

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

decision became the final decision of the Commissioner.  The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 34 years old at the alleged onset date.  Tr. 265.  He completed his GED in 1997.  Tr. 319.  Plaintiff worked as a carpenter since 1997 including hanging drywall, laying concrete, masonry, roofing, framing, and welding.  Tr. 319-20.  At application, he stated that he stopped working on January 1, 2016, due to his conditions.  Tr. 318.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a

1   reviewing court must consider the entire record as a whole rather than searching

2   for supporting evidence in isolation.  *Id.*

3      In reviewing a denial of benefits, a district court may not substitute its

4   judgment for that of the Commissioner.  "The court will uphold the ALJ's

5   conclusion when the evidence is susceptible to more than one rational

6   interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

7   Further, a district court will not reverse an ALJ's decision on account of an error

8   that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the

9   [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).

10  The party appealing the ALJ's decision generally bears the burden of establishing

11  that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

12                      **FIVE-STEP EVALUATION PROCESS**

13      A claimant must satisfy two conditions to be considered "disabled" within

14  the meaning of the Social Security Act.  First, the claimant must be "unable to

15  engage in any substantial gainful activity by reason of any medically determinable

16  physical or mental impairment which can be expected to result in death or which

17  has lasted or can be expected to last for a continuous period of not less than 12

18  months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

19  "of such severity that he is not only unable to do his previous work[,] but cannot,

20  considering his age, education, and work experience, engage in any other kind of

21  substantial gainful work which exists in the national economy."  42 U.S.C. §

1    423(d)(2)(A).

2         The Commissioner has established a five-step sequential analysis to

3    determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

4    404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

5    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

6    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

7    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

8    404.1520(b), 416.920(b).

9         If the claimant is not engaged in substantial gainful activity, the analysis

10   proceeds to step two.  At this step, the Commissioner considers the severity of the

11   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

12   claimant suffers from "any impairment or combination of impairments which

13   significantly limits [his or her] physical or mental ability to do basic work

14   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

15   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

16   however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

17   §§ 404.1520(c), 416.920(c).

18        At step three, the Commissioner compares the claimant's impairment to

19   severe impairments recognized by the Commissioner to be so severe as to preclude

20   a person from engaging in substantial gainful activity.  20 C.F.R. §§

21   404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 17.  At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar and thoracic spine degenerative disc disease; osteoarthritis of the cervical spine; unspecified depressive disorder; unspecified anxiety disorder; and post-traumatic stress disorder (PTSD).  Tr. 18.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of a listed impairment.  Tr. 18.  The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b), 416.967(b) with

the following limitations:

> he would need a sit/stand option for 10 non-continuous minutes per
> hour that would not involve leaving a work station and the productive
> performance of work; and he is unable to perform light work that would
> require more than occasional climbing of ramps/stairs, balancing,
> crouching, crawling, kneeling, and stooping; any climbing of ladders,
> ropes, or scaffolds; even moderate exposure to heave industrial
> vibrations; any concentrated exposure to pulmonary irritants; any
> exposure to unprotected heights, dangerous moving machinery, or
> commercial driving; the performance of more than simple routine tasks
> or multi-step tasks provided those multi-steps tasks are predictable and
> would not involve more than infrequent adaptation to unforeseen
> changes to the work routine; the performance of tasks involving more
> than superficial interaction with the general public; and the
> performance of tasks requiring cooperative tandem teamwork
> endeavors performed with coworkers throughout a work day to produce
> a work product.

Tr. 20.  At step four, the ALJ identified Plaintiff's past relevant work as a carpenter
and found that he could not perform this past relevant work.  Tr. 26.  At step five,
the ALJ found that, considering Plaintiff's age, education, work experience, and
RFC, there were other jobs that exist in significant numbers in the national
economy that Plaintiff can perform including, small products assembler II, marker,
and electronics worker.  Tr. 27.  On that basis, the ALJ concluded that Plaintiff was
not under a disability, as defined in the Social Security Act from January 1, 2016,
through the date of the decision.  Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying
him DIB under Title II and SSI under Title XVI of the Social Security Act.  ECF

No. 14.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly addressed the medical opinions;

2.  Whether the ALJ made a proper step three decision;

3.  Whether the ALJ properly addressed Plaintiff's symptom statements; and

4.  Whether the ALJ made a proper step five decision.

### DISCUSSION

**1.    Medical Opinions**

Plaintiff challenges the ALJ's rejection of the medical opinions of James Vaughn, M.D., Derek Leinenbach, M.D., Phillip Barnard, Ph.D., Cutis Phillips, Ph.D., and Aaron Burdge, Ph.D.  ECF No. 21 at 10-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by

ORDER ~ 9

1    another doctor's opinion, an ALJ may only reject it by providing specific and

2    legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v.*

3    *Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The specific and legitimate standard

4    can be met by the ALJ setting out a detailed and thorough summary of the facts

5    and conflicting clinical evidence, stating her interpretation thereof, and making

6    findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is

7    required to do more than offer her conclusions, she "must set forth [her]

8    interpretations and explain why they, rather than the doctors', are correct."

9    *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

10    **A.    James Vaughn, M.D.**

11    On May 17, 2017, Dr. Vaughn examined Plaintiff and completed a Physical

12    Functional Evaluation form for the Washington Department of Social and Health

13    Services (DSHS). Tr. 519-21.  He diagnosed Plaintiff with low back pain affecting

14    his ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and

15    crouch.  Tr. 520.  He opined that Plaintiff was severely limited, which is defined as

16    "[u]nable to meet the demands of sedentary work."  Tr. 521.  He stated that the

17    current limitations on work activities would persist with available medical

18    treatment for an unknown period.  *Id.*

19    The ALJ gave the opinion no weight for four reasons: (1) it was on a check-

20    the-box form; (2) it was not supported by appropriate medical findings or the

21    longitudinal record as a whole; (3) Dr. Vaughn did not diagnose a medically

determinable impairment on the DSHS evaluation; and (4) Dr. Vaughn stated that more pertinent information should be obtained from the orthopedic specialist. Tr. 24.

The ALJ's first reason for rejecting Dr. Vaughn's opinion, that it was on a check-the-box form, is not specific and legitimate. The Ninth Circuit has expressed a preference for narrative opinions over opinions expressed on a check-the-box form. See *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, check-the-box forms that do not stand alone, but are supported by records should be "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Here, Dr. Vaughn was Plaintiff's treating provider, and the record contains treatment notes that support the evaluation. On January 15, 2017, Dr. Vaughn treated Plaintiff following a fall and reviewed imaging reports including a concurrent x-ray showing "mild degenerative disk disease at L4-L5 with mildly decreased intervertebral disk height and mild degenerative disk disease from T10 to T11 through T12 to L1," and an MRI from November 2016 showing "degeneration at L4-L5 level with broad-based disk bulge and intervertebral disk desiccation, but not spinal stenosis or neural foraminal stenosis." Tr. 450-53. In February of 2017 Dr. Vaughn stated that Plaintiff appeared distressed and required his wife's help to stand and walk. Tr. 442. In March of 2017, Dr. Vaughn twice observed tightness and spasm in his low back. Tr. 488-89. On the day of the

1   DSHS evaluation, Dr. Vaughn diagnosed Plaintiff with intractable back pain,

2   lumbar radicular pain, degenerative disc disease, and chronic right-sided back pain

3   with right-sided sciatica.  Tr. 522.  On examination, Dr. Vaughn stated that

4   Plaintiff had antalgic and shuffling gait, and "[t]he paraspinal musculature

5   bilat[eral] is quite spasmed and stiff and painful from the mid thoracic region to the

6   sacrum.  Very little trunk Active range of motion."  Tr. 523.  In light of these

7   records, the mere fact that the opinion was expressed on a check-the-box form is

8   not sufficient to reject the opinion.

9        The ALJ's second reason for rejecting Dr. Vaughn's opinion, that it was not

10  supported by appropriate medical findings or the longitudinal record as a whole, is

11  not specific and legitimate.  Inconsistency with the majority of objective evidence

12  is a specific and legitimate reason for rejecting physician's opinions.  *Batson v.*

13  *Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  To support this

14  reason, the ALJ cited to finding number five.  Tr. 24.  However, finding number

15  five is the RFC determination that includes the discussion of Dr. Vaughn's

16  opinion.  Therefore, this circular reasoning fails to provide the specific discussion

17  required to meet the specific and legitimate standard.  *See Embrey*, 849 F.2d at

18  421-22 (The ALJ is required to do more than offer her conclusions, she "must set

19  forth [her] interpretations and explain why they, rather than the doctors', are

20  correct.").

21       The ALJ's third reason for rejecting Dr. Vaughn's opinion, that Dr. Vaughn

did not diagnose a medically determinable impairment on the DSHS evaluation, is

not supported by the record.  In making this determination, the ALJ stated that "he

merely stated that the claimant reported 'chronic low back pain' during their one-

time evaluation."  Tr. 24.  However, this was not a one-time evaluation.  As

discussed at length above, Dr. Vaughn was Plaintiff's treating provider at the time

of the evaluation and had reviewed multiple imagining reports and performed

multiple physical examinations.  On the DSHS form, Dr. Vaughn referenced the

evaluation notes which included a diagnosis of intractable back pain, lumbar

radicular pain, degenerative disc disease, and chronic right-sided back pain with

right-sided sciatica.  Tr. 519, 522.  He stated that Plaintiff had "undergone imaging

which shows arthritis, disk disease, and scoliosis."  Tr. 523.  Therefore, the finding

that this was a one-time evaluation without a diagnosis is unsupported by the

record.

The ALJ's fourth reason for rejecting the opinion, that Dr. Vaughn stated

that more pertinent information should be obtained from the orthopedic specialist,

is not supported in the record.  The ALJ stated that "Dr. Vaughn acknowledged

that the claimant was pending a referral to an 'orthopedic specialist,' and he [sic]

DSHS personnel that more pertinent information should be obtained from that

source."  Tr. 24.  This is a misstatement of the record.  The first prompt asked Dr.

Vaughn to "[l]ist any additional tests or consultations needed," and Dr. Vaughn

stated "[h]e is to follow with the orthopedic subspecialist."  Tr. 521.  The second

prompt asked "[w]hat treatment is recommended?" and Dr. Vaughn responded with "per orthopedics." *Id*. The evaluation notes accompanying the opinion simply state that Plaintiff "will follow with his orthopedic subspecialist." Tr. 524. Otherwise, there were no notations supporting the premise that Dr. Vaughn was not capable of providing an opinion or that he was out of his authority to pen such an opinion. Therefore, the ALJ's statement that Plaintiff had a pending referral to an orthopedic specialist and more pertinent information should be obtained from that source is not supported in the record.

On remand, the ALJ will readdress Dr. Vaughn's opinion as that of a treating provider and make a new RFC determination after reweighing the opinion.

**B.    Derek J. Leinenbach, M.D.**

On May 22, 2017, Dr. Leinenbach reviewed Dr. Vaughn's opinion and provided a similar opinion for DSHS. Tr. 547-49. He diagnosed Plaintiff with degenerative disc disease and found that Plaintiff had a severe limitation in postural restrictions and marked limitations in environmental/non-exertional restrictions and gross or fine motor skill restrictions. Tr. 548-49. He opined that Plaintiff was unable to perform the demand of sedentary work. *Id*.

The ALJ assigned the opinion no weight because it "relied solely upon Dr. Vaughn's cursory check-marked conclusions in his report of May 11, 2017, to support eligibility for state disability assistance." Tr. 24. However, as addressed above, the ALJ erred in his treatment of Dr. Vaughn's opinion. Therefore, the ALJ

1  will readdress the opinion on remand.

2      **C.    Curtis Phillips, M.D.**

3      On February 4, 2019, Dr. Phillips completed a Mental RFC Assessment

4  form.  Tr. 632-35.  Dr. Phillips opined that Plaintiff was markedly limited in nine

5  areas of basic work-related activities and moderately limited in six areas of basic

6  work-related activities.  Tr. 632-33.  Under the "B" criteria of the mental listings,

7  Dr. Phillips opined that Plaintiff had the moderate limitation in understanding,

8  remembering, or applying information and interacting with others and a marked

9  limitation in concertation, persistence, or maintaining pace and adapting or

10  managing oneself.  Tr. 634.  He further opined that Plaintiff met the "C" criteria of

11  the mental listings.  *Id*.  He opined that Plaintiff would be off-task and

12  unproductive over 30% of a 40-hour work schedule and would miss four or more

13  days of work per month.  Tr. 635.

14      The ALJ assigned the opinion less weight that the opinions of the reviewing

15  Disability Determination Services psychologists:

16      > Dr. Phillips check-marked his endorsement of multiple moderate to
        > marked limitations of mental functioning; however, he did not report
17      > any diagnoses or set forth even the most minimal of objective medical
        > rationale in support of his cursory opinions.   The check-marked
18      > endorsements of Dr. Phillips are not supported by concomitant clinical
        > findings of mental status abnormality documented in the longitudinal
19      > medical evidence and are contrary to the record as a whole.  Dr. Phillips
        > did not have the benefit of the entirety of the record assembled in this
20      > claim to review in in arriving at his check-marked opinions.

21  Tr. 25.

ORDER ~ 15

1    Again, the ALJ is rejecting the opinion of a treating provider because it was

2    provided on an unsupported check-the-mark box.  As addressed above, the Ninth

3    Circuit has expressed a preference for narrative opinions over opinions expressed

4    on a check-the-box form.  *See Murray*, 722 F.2d at 501.  However, check-the-box

5    forms that do not stand alone, but are supported by records should be "entitled to

6    weight that an otherwise unsupported and unexplained check-box form would not

7    merit."  *Garrison*, 759 F.3d at 1013.

8        Here, Dr. Phillips was Plaintiff's treating psychologist.  *See* Tr. 41-106.

9    However, the ALJ did not have Dr. Phillips' treatment notes at the time of her

10   decision.  Tr. 29-33.  Plaintiff submitted these records to the Appeals Council who

11   found that that the new "evidence does not show a reasonable probability that it

12   would change the outcome of the decision" Tr. 2.  The Appeals Council did not

13   exhibit this evidence.  *Id*.  When the Appeals Council denies a request for review,

14   the ALJ's decision becomes the final decision of the Commissioner and the district

15   court reviews the ALJ's decision for substantial evidence based upon the record as

16   a whole.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir.

17   2012).  "[T]he administrative record includes evidence submitted to and considered

18   by the Appeal Council."  *Id*. at 1162.  When the Appeals Council fails to

19   "consider" additional evidence that meets the requirements set forth in 20 C.F.R.

20   §§ 404.970(b), 416.1470(b), remand to the ALJ is appropriate.  *Taylor v. Comm'r*

21   *of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).  Therefore, whether or

not the Appeals Council "considered" new evidence dictates whether or not a

remand is appropriate.  *See Brewes*, 682 F.3d at 1162 ("the final decision of the

Commissioner includes the Appeals Council's denial of review, and the additional

evidence considered by that body is 'evidence upon which the findings and

decision complained of are based'"); *see Amor v. Berryhill*, 743 F. App'x 145, 146

(9th Cir. 2018) ("here the Appeals Council only looked at the evidence, and

determined it did not meet the standard for consideration," and therefore, "the new

evidence did not become part of the record, and we may not consider it").

Here, the evidence submitted to the Appeals Council was new.  It was

material as it came from Plaintiff's treating psychologist and pertained to the

period at issue in the ALJ's decision.  The only part of 20 C.F.R. §§ 404.970(a)(5)-

(b), 416.1470(a)(5)-(b) that the Appeals Council discussed was that the evidence

did "not show a reasonable probability that it would change the outcome of the

decision."  Tr. 2.

This Court joins others in finding that it is not clear how the Appeals

Council determined that the new evidence would not impact the outcome of the

ALJ's decision while simultaneously not considering it and not associating it with

the record.  *McLaughlin v. Saul*, No. 1:18-cv-00967-SKO, 2019 WL 3202806, at

*5 (E.D. Cal. July 16, 2019) *citing Deliny S. v. Berryhill*, No. CV 17-06328-DFM,

2019 WL 1259410, at *1 (C.D. Cal. Mar. 19, 2019) and *Mayeda-Williams v.

Comm'r of Soc. Sec. Admin.*, No. 18-0009-HRH, 2019 WL 157918, at *5 (D. Ak.

Jan. 10, 2019); *Lena J. v. Comm'r of Soc. Sec. Admin.*, No. C18-6007-RLB-BAT, 2019 WL 3291039, at *3 (W.D. Wash. July 1, 2019). Therefore, the Appeals Council should have exhibited the evidence as part of the administrative record. Nonetheless, while the records are not assigned an exhibit number, they are incorporated with the administrative record filed before this Court. *See* ECF No. 15-1. Therefore, the failure to exhibit the evidence is only an error if the ALJ's determination is not supported by substantial evidence considering the record as a whole, including the records submitted to the Appeals Council.

These records show an individual with only fair insight, judgment, attention span, and concentration. Tr. 42, 47, 51, 56, 63, 72, 77, 82, 85, 91-92, 99-100, 103-104. Occasionally, Plaintiff's attention span and concentration were observed to be poor. Tr. 56, 96. He was diagnosed with generalized anxiety disorder, posttraumatic stress disorder, dysthymia, traumatic brain injury, benzodiazepine use disorder, panic disorder with agoraphobia, methamphetamine use disorder in remission, cannabis use disorder, and dissociative amnesia. Tr. 43, 48, 56, 64, 73, 77, 82, 86, 92, 101. In some of the evaluations Plaintiff appeared anxious. Tr. 50, 55, 72, 85, 95.

Therefore, this evidence shows that the ALJ's reasons for rejecting Dr. Phillips' opinion, that the opinion was expressed on an unsupported check-box form and he did not report any diagnoses or set forth any objective medical rationale in support of his opinion, is not supported by substantial evidence. Upon

remand, the ALJ will enter the evidence submitted to the Appeals Council as an exhibit and readdress the weight assigned to Dr. Phillip's opinion.

### D.    Philip Barnard, Ph.D.

On May 16, 2017, Dr. Barnard evaluated Plaintiff and completed a Psychological/Psychiatric Evaluation form for DSHS on May 24, 2017.  Tr. 526-31.  He diagnosed Plaintiff with somatic symptom disorder.  Tr. 528.  He opined that Plaintiff had a marked limitation in five basic work activities and seven basic work activities.  Tr. 528-29.  He further opined that Plaintiff's current impairment level would proceed with available treatment for a maximum of 48 months and a minimum of 24 months.  Tr. 529.

The ALJ assigned Dr. Barnard's opinion no weight.  Tr. 25.  One reason the ALJ provided for rejecting the opinion was that it was a "cursory conclusion" not "supported by appropriate medical findings."  *Id*.  Again, the ALJ did not have the records from Dr. Phillips at the time of her decision.  Therefore, on remand, the ALJ will readdress the opinion of Dr. Barnard after considering the evidence submitted to the Appeals Council.

### E.    Aaron Burdge, Ph.D.

On May 16, 2017, Dr. Burdge completed a medical review for DSHS after reviewing Dr. Barnard's evaluation.  Tr. 550-52.  He opined that Plaintiff had the same five marked limitations and seven moderate limitations as opined by Dr. Barnard.  Tr. 551.  The ALJ gave the opinion no weight stating that he was a non-

examining physician and he relied solely on Dr. Barnard's June 2017 report.  Tr.
25.  As discussed above, the ALJ is to reweigh Dr. Barnard's opinion.  Therefore,
the ALJ will also reweigh the opinion from Dr. Burdge on remand.

**2.    Step Three**

Plaintiff challenges the ALJ's step three decision by failing to properly
consider Listing 1.04A and failing to find that Plaintiff meet or equaled Listings
12.04, 12.06, 12.07, 12.11, and 12.15.  ECF No. 21 at 18-19.  Since this case is
being remanded for the ALJ to reweigh the opinions in light of new evidence, the
ALJ will also readdress step three.

**3.    Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of his symptom statements.  ECF
No. 21 at 19-20.

It is generally the province of the ALJ to make determinations regarding the
reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,
1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent
reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent
affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's
testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d
1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).
The ALJ found Plaintiff's "statements concerning the intensity, persistence, and
limiting effects of these symptoms are not entirely consistent with the medical

evidence and other evidence in the record for the reasons explained in this decision." Tr. 21. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 409.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**4.    Step Five**

Plaintiff argues that the ALJ erred at step five by presenting an incomplete hypothetical to the vocational expert. ECF No. 21 at 20-21.

The hypothetical presented to the vocational expert matched the ALJ's RFC determination. Tr. 20, 146. A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."). Since the ALJ has been instructed to reweigh the medical opinions and readdress Plaintiff's symptoms statements, a new RFC determination and a new step five determination will be required upon remand if the case is not settled at step three.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 21 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  There was evidence from a treating psychologist missing from the record at the time of the ALJ's determination that was subsequently submitted to the Appeals Council.  Tr. 2.  On remand, the ALJ must

reweigh the medical opinions in the record, make a new step three determination, readdress Plaintiff's symptom statements, and make a new step five determination. In addition, the ALJ will supplement the record with any outstanding medical evidence and take testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 21, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 23, is **DENIED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** December 1, 2021.

LONNY R. SUKO
Senior United States District Judge